UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
JACOB ADONI and HARBOR PARK REALTY, LLC,

                        Plaintiffs,

      -against-

WORLD BUSINESS LENDERS, LLC, AXOS
BANK f/k/a B-of-I FEDERAL BANK and CIRCADIAN
FUNDING, LLC,

                        Defendants.
-----------------------------------------------------------------------x

Case No.:

**NOTICE OF REMOVAL**

      Defendant Axos Bank sued herein as Axos Bank f/k/a B-of-I Federal Bank ("Axos Bank") with the consent of defendant World Business Lenders, LLC by and through their undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441(c)(1)(A) and 1446. In support of removal, Axos Bank states as follow:

      1.     On October 18, 2019, plaintiffs Jacob Adoni and Harbor Park Realty, LLC (collectively, the "Plaintiffs") filed a lawsuit against World Business Lenders, LLC, Axos Bank and Circadian Funding, LLC in the Supreme Court of the State of New York, County of Suffolk, captioned *Jacob Adoni and Harbor Park Realty, LLC v. World Business Lenders, LLC, Axos Bank f/k/a B-of-I Federal Bank and Circadian Funding, LLC,* Index No. 620617/2019 (the "State Court Action"). A copy of the Summons and Verified Complaint is attached as Exhibit "A".

      2.     Axos Bank was served with the Summons and Verified Complaint in San Diego, California on November 12, 2019.

      3.     As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §1441 because Axos Bank has satisfied the procedural requirements for removal,

1

and the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441.

**I.      Axos Bank has Satisfied the Procedural Requirements for Removal**

4.    <u>Removal is timely.</u>  The Notice of Removal is being filed within 30 days of the first date of which Axos Bank received a copy of the Summons and Verified Complaint and, therefore, is timely pursuant to 28 U.S.C. §1446(b).  Axos Bank has attached hereto a copy of all process and pleadings served on it in the State Court Action pursuant to 28 U.S.C. 1446(c).  *See* Exhibit "A".

5.    No further proceedings have occurred in the State Court Action.

6.    <u>Venue is proper.</u>  The Supreme Court of the State of New York, County of Suffolk, is located within the Eastern District of New York, and, therefore, venue is proper in this Court, pursuant to 28 U.S.C. § 112, because it is "the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

7.    The written notice required by 28 U.S.C. §1446(d) will be promptly filed in the Supreme Court of the State of New York, County of Suffolk and served on plaintiffs.

**II.     Federal Question Jurisdiction**

8.    Axos Bank is a federally charged savings bank under the Home Owners' Loan Act.

9.    Plaintiffs have asserted causes of action based on usury.

10.   "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, which authorizes any claim that 'arises under' federal law to be removed to federal court." *Ben.*

*Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) (internal citation omitted); *see also Briarpatch Limited, L.P. v. Phoenix Pictures, Inc.*, 373 F. 3d 296, 304-305 (2d Cir. 2004).

11. "Here, this Court has federal question jurisdiction supporting removal because the federal Home Owners' Loan Act…, and its implementing regulations, completely preempt [Plaintiffs' usury claims]." *Yousif v. Ocwen Morg. Co., LLC*, 816 F. Supp. 2d 463, 468 (E.D. Mich. 2010); *See also Beneficial Nat'l Bank*, 539 U.S. at 11, 123 S. Ct. 2058; and *see also Pac. Capital Bank, N.A. v. Connecticut*, 542 F. 3d 341, 352 (2d Cir. 2008). In relevant part, 12 CFR § 7.4008(d)(10)[1] explicitly preempts state law claims for usury.

12. Consequently, removal on the basis of federal question jurisdiction under 28 U.S.C. § 1331 is proper. *See Yousif, LLC*, 816 F. Supp. 2d at 468 (upholding removal based on preemption under Home Owners' Loan Act because "at the time of removal and now, federal question jurisdiction exists under the complete preemption doctrine").

13. In addition, the plaintiff asserts claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"). These FDCPA claims also provide federal question jurisdiction supporting removal to this Court. *Griffith-Fenton v Coldwell Banker Mortg.*, 2014 U.S. Dist. Lexis 76986, 2014 WL 2217805 (S.D.N.Y. May 2, 2014) ("[When the plaintiff's 'well-pleaded' complaint raises an issue of federal law"). *See also, New York v Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir. 2012).

14. Because this Court has original, federal-question jurisdiction over Plaintiffs' usury and FDCPA claims pursuant to 28 U.S.C. § 1331 (as explained above), it also has supplemental jurisdiction over Plaintiffs' state-law claims. *See Allstate Interiors & Exteriors,*

---

[1] Section 7.4008 is a regulation of the Office of the Comptroller of the Currency ("OCC") governing national banks. Federally chartered banks under the Home Owners' Loan Act are "subject to the same laws and legal standards, including regulations of the OCC, as are applicable to national banks and their subsidiaries, regarding the preemption of state law." 12 CFR §7.4010(a).

3

*Inc. v. Stonestreet Const., LLC*, 730 F.3d 67, 72 (5th Cir. 2013) ("State and federal claims are part of the same case or controversy for the purposes of section 1367(a) if they derive from a common nucleus of operative fact or are such that they would ordinarily be expected to be tried in one judicial proceeding.") (internal quotations omitted).  *See also*, *F5 Capital v Pappas*, 856 F. 3d 61 (Internal Citation omitted) (2d Cir. 2017).

### III.   Defendant World Business Lenders, LLC Supports Removal

15.   Defendant World Business Lenders, LLC consents to removal of the action to this Court.  The Court has supplemental jurisdiction over Plaintiffs' claims against World Business Lenders, LLC.

**WHEREFORE,** Defendants World Business Lenders, LLC and Axos Bank sued herein as Axos Bank f/k/a B-of-I Federal Bank respectfully removes the State Court Action from the Supreme Court of the State of New York, County of Suffolk, to this Court pursuant to 28 US.C. §§ 1331, 1441(c)(1)(A) and 1446.

Dated:  December 12, 2019
          Huntington, New York

                                                                      THE MAGNOZZI LAW FIRM, P.C.
                                                                      Attorneys for Defendants
*World Business Lenders, LLC and Axos Bank sued herein as Axos Bank f/k/a B-of-I Federal Bank*

By:   s/Mark F. Magnozzi_____
       Mark F. Magnozzi, Esq.
       23 Green Street, Suite 302
       Huntington, NY 11743
       T – (631) 923-2858
       F – (631) 923-2860
       mmagnozzi@magnozzilaw.com

Case 2:19-cv-06971-JMA-GRB   Document 1   Filed 12/12/19   Page 5 of 5 PageID #: 5