# CARTER LEDYARD & MILBURN LLP
*Counselors at Law*

**Alexander G. Malyshev**
**Partner**
•
*Direct Dial (212) 238-8618*
*E-mail: malyshev@clm.com*

*2 Wall Street*
*New York, NY 10005-2072*
•
*Tel (212) 732-3200*
*Fax (212) 732-3232*

*570 Lexington Avenue*
*New York, NY 10022-6856*
*(212) 371-2720*

January 15, 2021

**VIA ECF**

Hon. Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 920
Central Islip, New York 11722

    Re:    *Harbor Park Realty, LLC, et al. v. World Business Lenders, LLC, et al.*
            Case No.: 2:19-cv-06971(JMA)

Dear Judge Azrack:

    This firm represents Defendants World Business Lenders, LLC ("WBL") and Axos Bank (sued as Axos Bank f/k/a B-of-I Federal Bank) ("Axos") (collectively, the "Corporate Defendants").[1] We write in accordance with the Court's pre-motion conference order (Dkt No. 30), to request the following schedule for the Corporate Defendants' motion to dismiss the Amended Complaint:

- February 15, 2021 – motion to be filed
- March 15, 2021 – opposition due date
- April 5, 2021 – reply due date

    We had hoped to submit the schedule jointly with counsel for Plaintiffs but have received no response to our proposed schedule from Mr. Nussbaum. *See* **Exhibit A** (January 11, 2021, e-mail from A. Malyshev to M. Nussbaum). Moreover, while the Court ordered limited discovery on the issue of whether the loan at issue was a business, or personal, loan, prior to January 1, Plaintiffs failed to respond to the Corporate Defendants' discovery requests. *See id*. Plaintiffs never served their own discovery demands, and in fact stopped communicating altogether in late 2020.

---

[1] This firm does not represent Defendant Circadian Funding, LLC ("Circadian") which did not appear at the October 20, 2020 conference and, according to what was stated by Plaintiffs' counsel, had not been served. No amended summons or proof of service has been filed since then, even though the 90-day limit for effectuating service under Fed. R. Civ. Pro. Rule 4(m) has long passed.

The Corporate Defendants are being prejudiced by Plaintiffs' delay tactics, which have delayed the motion for more than six months already. Mr. Adoni is a sophisticated litigant, and a multitude of recent New York Supreme Court actions demonstrate Mr. Adoni's experience and sophistication in seeking various forms of business loans and other forms of business funding.[2] As a result Mr. Adondi and his counsel, who Mr. Adondi has described in a defamation complaint as a "a fashion industry elder statesman" with relationships with hundreds of retailers in the United States and around the world,[3] are well familiar with Plaintiffs' discovery obligations.

In light of Plaintiffs' willful failure to participate in this limited discovery, the Corporate Defendants must assume that there is nothing Plaintiff could produce to counter the transactional documents annexed to and incorporated into the Amended Complaint, including: (1) Section 8(b) of the Business Promissory Note and Security Agreement ("Note") annexed as Exhibit A to the Amended Complaint, which provides that "the proceeds of this Loan Agreement will be used for business purposes only, and not for personal, consumer, family or household purposes or to purchase personal, consumer, family or household goods."; and (2) the "Business Loan Purpose Affidavit" Mr. Adoni executed on behalf of Harbor Park in connection with the Note, which also provides that the loan proceeds "will be used for business purposes only, and not for personal, consumer, family or household purposes or to purchase personal, consumer, family or household goods."

Accordingly, we renew the Corporate Defendants' request to file a motion to dismiss the Amended Complaint, and ask the Court to so-order the proposed briefing schedule set forth above. In the motion, the Corporate Defendants will request that, as a sanction for non-compliance with the Court's pre-motion conference discovery order, Plaintiffs should be precluded from making any arguments (i) based on any documents or information not otherwise available to the Corporate Defendants that should have been provided pursuant to the Corporate Defendants' discovery demands or (ii) premised upon Plaintiffs' alleged need for discovery from the Corporate Defendants.

---

[2] *See, e.g., New York Community Bank, v. Jacob Adoni et al.*, N.Y. Sup. Ct., Nassau Co. Index No 616879/2019 (action on note seeking ~$380,000); *Strategic Funding Source, Inc. v. Farmers Market of Fort Salonga, Inc., Harbor Park Realy LLC and Jay Adoni*, N.Y. Sup. Ct., N.Y. Co. Index No. 655218/2019 (collections action on merchant cash advance on $714,000 in receivables); *Swift Financial, LLC v. Harbor Park Realty, LLC and Jacob Adoni*, N.Y. Sup. Ct., Nassau Co. Index No. 602184/2019 (petition to confirm ~$87,000 arbitration award in favor of factoring company); *TD Bank N.A. v. Royalton Group Inc. and Jacob Adoni*, N.Y. Sup. Ct., Nassau Co. Index No. 606385/2018 (action on $100,000 note); *Highland Global Partners, Inc. v. Jay Adoni*, N.Y. Sup. Ct., Nassau Co. Index No. 606179/2015 (motion for summary judgment in lieu of complaint on $150,000 promissory note); *see also Associated Supermarket Group LLC v. Farmers Market of Fort Salonga Inc. and Jacob Adoni*, N.Y. Sup. Ct., Nassau Co. Index No. 509585/2017 (action seeking $1.25 million for unpaid goods).

[3] *See Jacob Adoni v. Affordable Luxury Group Inc.,* N.Y. Sup. Ct., N.Y. Co. Index No. 158666/2019 (alleging that Mr. Adoni personally invested $7 million of his own money into the defamation defendant and to have created a handbag group with her that was generating approximately $15 million in revenue by its second year).

   We thank the Court for its attention to this matter.

              Respectfully submitted,

              <u>/s/ Alexander G. Malyshev</u>

              Alexander G. Malyshev

cc:  All Counsel of Record Via ECF

EXHIBIT A

# Nemon, Jacob H.

| | |
|---|---|
| **From:** | Malyshev, Alexander G. |
| **Sent:** | Monday, January 11, 2021 4:47 PM |
| **To:** | Marcus Nussbaum |
| **Cc:** | Nemon, Jacob H.; 'mmagnozzi@magnozzilaw.com' |
| **Subject:** | RE: Harbor Park Realty, LLC et. al. v. World Business Lenders, LLC et. al. - Discovery |
| **Attachments:** | 2020-10-20 - ECF#30 - Pre-Motion Conference Order(9746809.1).pdf |

Marcus:

As you may recall, during the last conference the Court directed the parties to engage in targeted discovery before January 1 on the issue of whether this was a business loan, before getting a briefing schedule for a motion.  You obviously know our position that it was a business loan (as confirmed by the very documents evidencing it).  On December 4 we served discovery on your client with respect to the issue, but received no objections or responses.  I also received no confirmation that your client will appear for his deposition (scheduled for tomorrow) and, in light of his failure to provide documents we will not be going forward with it.

The deadline to provide the court with our proposed schedule for the motion is Friday.   Please let us know if you agree to the following schedule so that we can advise the court accordingly:

- February 15 – motion to be filed
- March 15 – opposition due date
- April  5 – reply due date


Alexander G. Malyshev, Esq.
**Carter Ledyard & Milburn LLP**
2 Wall Street | New York, NY  10005
Direct 212.238.8618 | Mobile 347.514.2742 | Fax 212.732.3232
malyshev@clm.com | www.clm.com

---

**From:** Malyshev, Alexander G.
**Sent:** Friday, December 4, 2020 4:32 PM
**To:** Marcus Nussbaum <marcus.nussbaum@gmail.com>
**Cc:** Nemon, Jacob H. <Nemon@clm.com>; 'mmagnozzi@magnozzilaw.com' <mmagnozzi@magnozzilaw.com>
**Subject:** Harbor Park Realty, LLC et. al. v. World Business Lenders, LLC et. al. - Discovery

Marcus,

Not having heard back from you in response to my e-mail earlier this week, I think we need to proceed with this discovery under the schedule given to us by the court to brief the issue of whether this was a business loan.  Attached please find document requests, interrogatories, and a deposition notice to your client.

A hard copy will follow by mail, but I assume you are not in the office so I am serving it by e-mail.  I remain willing to discuss possible settlement.

Alexander G. Malyshev, Esq.
**Carter Ledyard & Milburn LLP**
2 Wall Street | New York, NY  10005

Direct 212.238.8618 | Mobile 347.514.2742 | Fax 212.732.3232
malyshev@clm.com | www.clm.com