# CARTER LEDYARD & MILBURN LLP

*Counselors at Law*

**Alexander G. Malyshev**
**Partner**
•
*Direct Dial (212) 238-8618*
*E-mail: malyshev@clm.com*

*2 Wall Street*
*New York, NY 10005-2072*
•
*Tel (212) 732-3200*
*Fax (212) 732-3232*

*570 Lexington Avenue*
*New York, NY 10022-6856*
*(212) 371-2720*

January 29, 2021

**VIA ECF**

Hon. Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 920
Central Islip, New York 11722

    Re:    *Harbor Park Realty, LLC, et al. v. World Business Lenders, LLC, et al.*
            Case No.: 2:19-cv-06971(JMA)

Dear Judge Azrack:

      This firm represents Defendants World Business Lenders, LLC ("WBL") and Axos Bank (sued as Axos Bank f/k/a B-of-I Federal Bank) ("Axos") (collectively, the "Corporate Defendants"). We write in connection with (1) the Corporate Defendants' request that the Court set a briefing schedule for their motion to dismiss the Amended Complaint in accordance with its October 20, 2020 Order (Dkt # 30-32), and (2) Mr. Nussbaum's request to be granted leave to file a motion to be relieved as Plaintiffs' counsel, and for Plaintiffs to be given yet more time to conduct the limited discovery contemplated by the Court's October 20 Order (Dkt # 33).

      While the Corporate Defendants take no position with respect to Mr. Nussbaum reason for withdrawing,[1] there is severe prejudice to the Corporate Defendants in granting the further delay sought by Plaintiffs. This case is over a year old, and the Corporate Defendants have yet to be given their statutory right to file a motion to dismiss pursuant to FRCP 12(b)(6) (in large part due to the Plaintiffs' delay).[2] On October 20, 2020, the parties were ordered to engage in limited discovery on the issue of whether the loan at issue was a business loan, and to provide the Court with a proposed schedule for motion practice by January 15, 2021. Plaintiffs have, admittedly,

---

[1] The Corporate Defendants have no insight into the medical reasons articulated in this, and previous, letters, as all medical related requests by Mr. Nussbaum have been submitted to the Court *ex parte*.

[2] The case was removed to this Court more than a year ago, on December 12, 2019 (Dkt #1). The Corporate Defendants first sought dismissal on April 2, 2020 (Dkt #13). Plaintiffs sought, and obtained, leave to file an Amended Complaint by July 28, 2020, which they failed to do (belatedly filing the Amended Complaint on July 31, 2020) (Dkt #25-26). They then opposed the Corporate Defendants' request to file a motion to dismiss (Dkt # 28-29).

9796356.1

done neither. In fact, aside for some early settlement overtures, they simply stopped communicating with the Corporate Defendants' counsel.

The Corporate Defendants have serious concern that, allowing new counsel to come in at this point, will simply delay the case by months. Instead, the Corporate Defendants request that the Court dismiss the action without prejudice under FRCP 41(a)(2). If new counsel for the Plaintiffs determines there is a valid cause of action they can plead, they can do so in a new action. This is particularly appropriate because it appears that Plaintiffs have failed to serve Defendant Circadian Funding, LLC ("Circadian"), a required party under FRCP 19(a)(1).[3]

If dismissal on this basis is not ordered, at the very least the Corporate Defendants request that the Court only grant Plaintiffs 30-days to retain new counsel, deny the request to re-open discovery, and allow the Corporate Defendants to move to dismiss the Amended Complaint once new counsel is retained without further delay (without allowing a yet another amendment by new counsel).

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Alexander G. Malyshev

Alexander G. Malyshev

cc: All Counsel of Record Via ECF

---

[3] This firm does not represent Defendant Circadian Funding, LLC ("Circadian"), which did not appear at the October 20, 2020 conference and, according to what was stated by Plaintiffs' counsel, had not been served. No amended summons or proof of service has been filed since then, even though the 90-day limit for effectuating service under FRCP 4(m) has long passed.