```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JACOB ADONI and HARBOR PARK REALTY, LLC,

                        Plaintiffs,                                    2:19-cv-06971-JMA-ARL

        -against-

WORLD BUSINESS LENDERS, LLC, AXOS BANK
f/k/a B-of-I FEDERAL BANK and CIRCADIAN
FUNDING, LLC,

                        Defendants.
-------------------------------------------------------------------X
```

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
DEFENDANT, CIRCADIAN FUNDING LLC, TO DISMISS
THE AMENDED COMPLAINT**

**Preliminary Statement**

This memorandum of law is respectfully submitted by defendant, Circadian Funding, LLC, in support of its motion, pursuant to Federal Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the amended complaint for (1) plaintiffs' failure to serve the summons and amended complaint in compliance with Federal Rule 4(m) and (2) plaintiffs' failure to comply with the Court's orders regarding appointment of new counsel. The moving defendant seeks additionally such other, further, and different relief as may be just, proper, and equitable.

**The Facts**

The facts are straightforward and set forth in the accompanying affidavit of Nicholas P. Giuliano, sworn to on September 3, 2021 (the "Giuliano Aff't"). Reference to "Document" means the document entered on the Court's docket for this case.

This action was originally filed in New York State Supreme Court, Suffolk County, on October 17, 2019. (Document 1.) On December 20, 2019, defendants, World Business Lender,

LLC ("WBL"), and Axos Bank ("Axos"), removed the action to the Eastern District of New York. (Document 1.)

Circadian had an open-ended extension of time to answer the state court complaint based on the representation of plaintiffs' counsel that plaintiffs would make a motion to remand. The remand motion was never made. (Giuliano Aff't, ¶ 2.)

The plaintiffs filed an amended complaint in the Eastern District on August 31, 2020. (Document 25.)  (Giuliano Aff't, ¶ 3.)

On April 20, 2021, the plaintiffs' attorney moved to withdraw as counsel (Document 36); the Court granted his motion on May 11, 2021. Prior to withdrawing, plaintiffs' counsel raised the issue of removal/remand in a memorandum of law filed on April 4, 2021. (Document 40.) WBL/Axos responded on May 4, 2021. (Document 41.) Still, no motion to remand has ever been made. Circadian received the amended complaint on or about May 24, 2021, nine months after it was filed (Document 25), although it was served on the Secretary of State's office on April 23, 2021. (Document 38, page 2, and Document 39.) (Giuliano Aff't, ¶ 4.)

When the Court granted plaintiffs' counsel motion to withdraw from the case, the Court gave the plaintiff 30 days to retain new counsel. On June 7, 2021, plaintiffs' retiring attorney made a motion asking the Court to give the plaintiffs yet more time to retain new counsel. (Document 44.) It does not appear that the Court ruled on that application. Thereafter, the defendants requested leave to move to dismiss the amended complaint. (Documents 47 and 49.) On August 19, 2021, new attorneys appeared on behalf of the plaintiff. (Document 51) and asked for an adjournment of 60 days to, among other things, conduct limited discovery, which should have been completed long ago. (Document 52.) (Giuliano Aff't, ¶ 5.)

# POINT I

## THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAILED TO COMPLY WITH <u>FEDERAL RULE 4</u>

Federal Rule 4(m) provides that:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The rule is mandatory, stating that the Court *must* dismiss a complaint that is not served within 90 days of its filing. In this case, there is no doubt that the plaintiffs failed to comply with Rule 4(m).

The amended complaint was filed on August 31, 2020. (Document 25.) Circadian was served through the New York Secretary of State's office on April 23, 2021. (Document 38, page 2.) Judging from the content of the affidavit of service filed by plaintiffs with this Court (Document 38, page 2), the amended complaint was *never* served on Circadian. The affidavit filed by the plaintiffs appears to relate to the state court complaint only.

Thus, at best, the plaintiffs served Circadian too late. In fact, however, they *never* served Circadian with the amended complaint.

In addition to failing to serve the amended complaint, the plaintiffs simply failed to comply with this Court's orders regarding the appointment of new counsel. The attorneys for co-defendants World Business Lenders and Axos Bank addressed this issue in their letter to the Court dated August 27, 2021 (Document 53), which is incorporated herein.

3

**Conclusion**

  For the reasons set forth herein, the Court should dismiss the amended complaint against defendant, Circadian Funding, LLC, and also grant such other, further, and different relief as may be just, proper, and equitable.

Dated: Mineola, New York
    September 3, 2021

                   Giuliano McDonnell & Perrone, LLP
                   *Attorneys for Defendant*
                   Circadian Funding, LLC

                   _____
                   Nicholas P. Giuliano, Esq.
                   170 Old Country Road, Suite 608
                   Mineola, New York 11501
                   Tel: (646) 328-0120
                   Fax: (646) 328-0121
                   ngiuliano@gmplawfirm.com

To: All Counsel of Record via ECF