UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACOB ADONI and HARBOR PARK REALTY, LLC,<br><br>*Plaintiffs,*<br><br>- vs. -<br><br>WORLD BUSINESS LENDERS, LLC, AXOS BANK f/k/a B-of-I FEDERAL BANK and CIRCADIAN FUNDING, LLC,<br><br>*Defendants.* | CIVIL ACTION NO.<br><br>2:19-cv-06971-JMA-ARL<br><br>**DECLARATION OF MARCUS A. NUSSBAUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS** |

Marcus A. Nussbaum, pursuant to 28 U.S.C. § 1746, making the following Declaration under penalty of perjury, in lieu of oath or affidavit says:

1. I am a member in good standing of the Bars of the States of New Jersey and New York.

2. I previously was the attorney for plaintiffs Jacob Adoni and Harbor Park Realty, LLC in the within action, and as such, I am fully familiar with the facts and circumstances of the within action based upon a review of the file pertaining to same as maintained by my office. I submit this Declaration based upon the foregoing and also upon my own personal knowledge in opposition to the motions to dismiss by defendants WORLD BUSINESS LENDERS, LLC, AXOS BANK f/k/a B-of-I FEDERAL BANK and CIRCADIAN FUNDING, LLC ("Circadian").

3. With specific regard to Circadian's frivolous motion to dismiss, I respectfully ask the Court to note that Circadian's Counsel has attempted to mislead the Court and has either deliberately omitted from his recitation of the facts, or has studiously ignored the fact that Circadian was served with the Summons and Complaint in the original Supreme Court, Suffolk

County action which was removed to this Court. Annexed hereto as Exhibit "A" is a true and accurate copy of the Affidavit of Service indicating service of the Summons and Complaint upon Circadian on November 13, 2019.

4. As the Court is aware, the action was subsequently removed to this Court by defendants WORLD BUSINESS LENDERS, LLC and AXOS BANK f/k/a B-of-I FEDERAL BANK on December 12, 2019.

5. As the Court is additionally aware, Circadian never answered the Complaint nor filed a notice of appearance with this Court between November 13, 2019 and August 31, 2020, which is the date the plaintiffs herein filed their Amended Complaint (ECF 25). Circadian never answered the Complaint after this action was removed to this Court.

6. As the Court is also aware, the Amended Complaint was served upon Circadian Funding, LLC on April 23, 2021. A copy of the Affidavit of Service is on the Court's docket at ECF 39. Circadian appears to have ignored the fact that service of the Amended Complaint was completed when they disingenuously argue on page "3" of their brief that Circadian was allegedly never served with the Amended Complaint.

7. I place the utmost confidence in counsel who have taken over this matter in my place to address to address in detail the fatally flawed legal arguments proffered by defendants in support of their motions to dismiss pursuant to Fed. R. Civ. P. 4(m), but simply wish to state for the Court that since November 13, 2019, the Court properly acquired jurisdiction over Circadian after the Summons and Complaint were properly served upon them via Secretary of State. This Court is aware that the Court's jurisdiction over Circadian was preserved and continued when the matter was removed to this Court on December 12, 2019.

8. At no time between November 13, 2019 and September 3, 2021 did Circadian file an answer to the Amended Complaint, which was served upon them on April 23, 2021. Instead,

Circadian Funding LLC simply chose to sit on its hands and file what is essentially a "me too" application for dismissal.

9. As to the asserted basis for Circadian's motion to dismiss, while Circadian purports to move to dismiss pursuant to Fed. R. Civ. P. 12(b) and 4(m) that Circadian offers *absolutely no legal argument whatsoever* nor any standard of review or facts in support of dismissal pursuant to Fed. R. Civ. P. 12(b). As to Fed. R. Civ. P. 4(m), Circadian appears to have misconstrued the text of the Rule, and contrary to Circadian's argument, dismissal is **not** mandatory, and the Court may order that service me made within a specified time - - in the matter at bar, service of the Amended Complaint was made approximately six (6) months ago and since then, Circadian chose to sit on its hands and did nothing.

10. The undersigned respectfully wishes to remind the Court that while the undersigned was still counsel for plaintiffs, the Court denied multiple applications from defendants WORLD BUSINESS LENDERS, LLC and AXOS BANK f/k/a B-of-I FEDERAL BANK for leave to move to dismiss. After having reviewed the parties' submissions in ECF Nos.: 28-29, the Court ordered the parties to engage in limited discovery on the issue of whether Axos Bank or World Business Lenders, LLC was the true lender of the subject loan, after which time the parties would be allowed to submit a briefing schedule to the Court for summary judgment motions. That directive was given to the parties during the Court's conference on October 20, 2020 and was memorialized in the Court's minute entry of the same date (ECF 30).

11. As the Court is further aware, and due to the undersigned's medical issue of which the Court is aware of since August 20, 2020 (medical documentation submitted to Chambers for *in camera* inspection to Ms. Flanagan and Ms. Posillico on August 20, 2020), the limited discovery never took place and that the undersigned eventually moved to be relieved as counsel for medical reasons, which was granted on May 11, 2021.

12.     As the Court may recall, subsequent thereto, plaintiffs were given until June 10, 2021 to obtain substitute counsel and that this did not occur due to a death in Mr. Adoni's family, which was briefed to the Court on June 7, 2021 (ECF 44).

13.     I understand that after Mr. Treyster was retained, that defendants have refused to engage in the limited discovery directed by the Court during my tenure as plaintiffs' counsel and that they have opted instead, to attempt to "close the door" and seek dismissal based upon procedural grounds, which for the reasons set forth herein are meritless or moot. The parties have all been served, plaintiffs have retained new counsel ready to proceed with the instant action, any delay (while based upon unfortunate life circumstances) was neither willful nor contumacious, and a dismissal without prejudice would simply be futile at this juncture.

14.     In view of the foregoing, I therefore respectfully request that defendants' frivolous motions to dismiss be denied in their entirety, with prejudice, and that the parties be ordered to proceed with limited discovery as set forth herein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   October 14, 2021

                                                            /s/ Marcus Aurelius Nussbaum
                                                            Marcus A. Nussbaum, Esq.