UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACOB ADONI and HARBOR PARK REALTY, LLC,<br><br>      Plaintiffs,<br><br> -against-<br><br>WORLD BUSINESS LENDERS, LLC, AXOS BANK f/k/a B-of-I FEDERAL BANK and CIRCADIAN FUNDING, LLC,<br><br>      Defendants. | 2:19-cv-06971-JMA-ARL<br><br>**REPLY DECLARATION OF NICHOLAS P. GIULIANO IN SUPPORT OF DEFENDANT CIRCADIAN FUNDING, LLC'S MOTION TO DISMISS THE <u>AMENDED COMPLAINT</u>** |

NICHOLAS P. GIULIANO declares under penalty of perjury as follows:

1. I am a member of the bar of this Court and a member of the firm of Giuliano, McDonnell & Perrone, LLP, attorneys for the defendant, Circadian Funding, LLC ("Circadian"), and I make this reply declaration in further support of Circadian's motion, pursuant to Federal Rule 4(m) of the Federal Rules of Civil Procedure, to dismiss the complaint for lack of timely service and for the Plaintiffs' failure to comply with the Court's order to retain counsel.

2. The facts are straightforward and are set forth in my prior declaration dated, September 3, 2021. The key facts are: (a) this case was originally filed in state court and removed to this Court; (b) Circadian had an open-ended extension of time to answer the state court complaint based on the representation of PPlaintiffs' counsel that PPlaintiffs would make a motion to remand but the remand motion was never made; (c) PPlaintiffs filed an amended complaint in the Eastern District on

1

August 31, 2020 (Document 25), but never made a motion to remand, although remand was raised by Plaintiffs' former counsel prior to his withdrawal as Plaintiffs' attorney (Document 40); (d) the amended complaint was served on the Secretary of State's office on April 23, 2021 (Document 38, page 2; Document 39.); and (e) Circadian received the amended complaint on or about May 24, 2021, nine months after it was filed.

3. In response to Circadian's motion to dismiss, the Plaintiffs' engage in needless hyperbole when they accuse me of failing to advise the Court that Circadian was served with the state court summons and complaint in November 2019. I never denied that. I advised the Court that Circadian had an open-ended extension of time to answer the state court complaint and that the time to answer the state court complaint was linked to Plaintiffs' anticipated motion to remand, which was never made. Because the motion was never made, Circadian never answered the state court complaint. Instead of making the promised motion to remand, the Plaintiffs filed an amended complaint in this Court on August 31, 2020, but did not serve it on the Secretary of State's office until April 23, 2021, and Circadian did not receive it until May 24, 2021. Thus, the Plaintiffs did not timely serve the amended complaint on Circadian.

4. I do wish to point out an error in my prior papers. I stated that the Plaintiffs' affidavit of service on Circadian related to the state court complaint. This

2

is not entirely correct. On April 26, 2021, the Plaintiffs filed *two* affidavits of service, one for the state court complaint and the other for the amended complaint in this Court. (Documents 38 and 39.) Still, service of the amended complaint was too late, having been made 8 months after it was filed.

5. Plaintiff's former attorney asserts that Circadian did nothing after it received the state court complaint and the late amended federal complaint. (Declaration of Marcus A. Nussbaum in Opposition to Defendants' Motions to Dismiss, dated October 14, 2021.) That is untrue. After the state court action was filed, Mr. Nussbaum and I spoke over the phone and corresponded via email regarding Circadian's time to answer in state court, as outlined above. Mr. Nussbaum gave me an open-ended extension of time to answer the state court complaint, which was tied to Plaintiffs' motion to remand. (A copy of my email confirming the extension of time is attached hereto as Exhibit 1.) As to the amended federal complaint, promptly after receiving the late amended complaint, Circadian requested and received extensions of time from the Court (the Plaintiffs no longer had counsel at that time) to answer or otherwise move with respect to the complaint. (Documents 43, 46, and 48.) Circadian's time was extended to September 16, 2021. Prior to September 16, 2021, Circadian requested a pre-motion conference for the purpose of requesting leave to make its motion to dismiss the amended complaint.

The Court advised that no conference would be necessary and directed the parties to file a briefing schedule. Circadian served its motion on September 3, 2021.

WHEREFORE, defendant, Circadian Funding, LLC, respectfully requests an order: (1) dismissing the amended complaint for (a) failure to complete service as required by Federal Rule 4 and (b) violating the Court's order to timely retain new counsel; and (2) granting such other, further, and different relief as may be just, proper, and equitable.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on October 29, 2021.

_____
Nicholas P. Giuliano