UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACOB ADONI and HARBOR PARK REALTY, LLC,<br><br>                   Plaintiffs,<br><br>  -against-<br><br>WORLD BUSINESS LENDERS, LLC, AXOS BANK f/k/a B-of-I FEDERAL BANK and CIRCADIAN FUNDING, LLC,<br><br>                   Defendants. | 2:19-cv-06971-JMA-ARL |

# REPLY MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANT, CIRCADIAN FUNDING LLC, TO DISMISS THE AMENDED COMPLAINT

**Preliminary Statement**

This reply memorandum of law is respectfully submitted by defendant, Circadian Funding, LLC, in support of its motion, pursuant to Federal Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the amended complaint for (1) plaintiffs' failure to serve the summons and amended complaint in compliance with Federal Rule 4(m) and (2) plaintiffs' failure to comply with the Court's orders regarding appointment of new counsel. The moving defendant seeks additionally such other, further, and different relief as may be just, proper, and equitable.

In this memorandum, reference to "Document" means the document entered on the Court's docket for this case; reference to "Giuliano Decl." means the Declaration of Nicholas P. Giuliano in Support of Circadian's Motion to Dismiss the

1

Amended Complaint, dated September 3, 2021; and reference to "Giuliano Reply Decl." means the Reply Declaration of Nicholas P. Giuliano in Support of Circadian's Motion to Dismiss the Amended Complaint, dated October 29, 2021,

**The Facts**

For the purposes of this motion, the following facts are most important:

This action was originally filed in New York State Supreme Court, Suffolk County, on October 17, 2019. (Document 1-1.) On December 20, 2019, defendants, World Business Lender, LLC ("WBL"), and Axos Bank ("Axos"), removed the action to the Eastern District of New York. (Document 1.)

Circadian had an open-ended extension of time to answer the state court complaint based on the representation of plaintiffs' counsel that plaintiffs would make a motion to remand. The remand motion was never made. (Giuliano Decl., ¶ 2; Giuliano Reply Decl., ¶2.)

The plaintiffs filed an amended complaint in the Eastern District on August 31, 2020. (Document 25.) (Giuliano Decl., ¶ 3.)

Circadian received the amended complaint on or about May 24, 2021, nine months after it was filed (Document 25), although it was served on the Secretary of State's office on April 23, 2021. (Document 38, page 2, and Document 39.) (Giuliano Decl., ¶ 4.)

# POINT I

## THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAILED TO COMPLY WITH <u>FEDERAL RULE 4</u>

Federal Rule 4(m) provides that:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

There is no question that the plaintiffs failed to serve the amended complaint within 90 days of its filing. The main issue presented to the Court, then, is whether dismissal under Rule 4(m) is mandatory and, if not, under what circumstances may a court grant a party relief from the 90-day requirement of Rule 4(m).

The plaintiffs contend that the 90-day rule is discretionary, while Circadian asserts that dismissal is mandatory. A recent case from the Eastern District addresses this question and indicates that there is a discretionary component to Rule 4(m), but the plaintiff must give the Court a reason, short of good cause, to exercise that discretion.

In *Tung v. Hemmings*, 2021 WL 414419 (E.D.N.Y. Sept. 13, 2021), the *pro se* plaintiff filed an action on October 1, 2019. He did not properly serve several defendants. The court gave the plaintiff until December 30, 2019, to serve the

3

complaint. Before that date, the plaintiff filed an affidavit of service, but it was insufficient to establish valid service. On January 10, 2020, the defendants requested a pre-motion conference to address making a motion to dismiss for lack of service. The court gave permission to file the motion without the conference. While the motion was being briefed, the plaintiff filed an amended complaint, which the court accepted, and the defendants moved to dismiss the amended complaint.

The Court ruled that the plaintiff failed to properly serve the defendants, *i.e.*, failed to deliver the summons and complaint in compliance with Rule 4. The plaintiff apparently requested in his motion papers an extension of time to serve the defendants. The Court denied the request and, in doing so, addressed Rule 4(m).

The Court recited the 90-day rule contained in Rule 4(m). The Court noted, however, that, when a plaintiff shows "good cause" for failing to comply with Rule 4(m), the Court "must" extend the time for service. Thus, there is a mandatory "good cause" exception to Rule 4(m)'s mandatory dismissal language. In considering good cause, the Court should weigh "(1) the diligence and reasonableness of the plaintiff's efforts to serve, and (2) prejudice to the defendants from the delay." *Tung*, 2021 WL 414419, at *5, *citing Tolchin v. Cnty. of Nassau*, 322 F. Supp. 3d 307, 311 (E.D.N.Y. 2018), *aff'd*, 768 F. App'x 60 (2d Cir. 2019).

In the case at bar, the plaintiffs made no effort to show good cause. They claim that they did not have attorneys at the time, but this is demonstrably false based

4

on the entries on the docket sheet. The plaintiffs offer no excuse for failing to serve the amended complaint for the roughly 8-month period from August 31, 2020, to April 23, 2021. The plaintiffs do not qualify for the "good cause" extension of time.

The *Tung* decision also notes that there is a discretionary exception to Rule 4(m)'s 90-day requirement and that the discretionary exception does not require a showing of good cause. Nevertheless, the discretion given to the courts to excuse the plaintiff's failure to serve within 90 days is not without limits.

> [A] district court *may* grant an extension in the absence of good cause, but it is not required to do so. . . . To benefit from a discretionary extension, the plaintiff must ordinarily advance some colorable excuse for neglect. . . . At that point, courts in this Circuit generally consider four factors: (1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendant[s] had actual notice of the claims asserted in the complaint; (3) whether defendant[s] attempted to conceal the defect in service; and (4) whether defendant[s] would be prejudiced by extending plaintiff's time for service.

*Tung*, 2021 WL 414419, at *6 (citations and quotations omitted).

The plaintiff made no effort to show that the Court should exercise its discretion and allow them to serve their amended complaint late. This was the plaintiffs' burden, which they failed to carry. The amended complaint should be dismissed. The Court should also keep in mind that, if the co-defendants' motion to dismiss the amended complaint is granted, allowing the plaintiffs to serve their

5

amended complaint on Circadian would be futile in the absence of a valid cause of action.

## Conclusion

For the reasons set forth herein, the Court should dismiss the amended complaint against defendant, Circadian Funding, LLC, and also grant such other, further, and different relief as may be just, proper, and equitable.

Dated:   Mineola, New York
         October 29, 2021

                              Giuliano McDonnell & Perrone, LLP
                              *Attorneys for Defendant*
                              Circadian Funding, LLC

                              _____
                              Nicholas P. Giuliano, Esq.
                              170 Old Country Road, Suite 608
                              Mineola, New York 11501
                              Tel:   (646) 328-0120
                              Fax:  (646) 328-0121
                              ngiuliano@gmplawfirm.com

To:   All Counsel of Record via ECF